≈Prob 12A
(Rev. 10/10 - D/SC)

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

Report on Offender Under Supervision

**Name of Offender:** Nancy Jane Kepler      **Case Number:** 3:11CR00115-001

**Name of Sentencing Judicial Officer:** The Honorable John T. Nixon, Senior U.S. District Judge

**Date of Original Sentence:** March 22, 2013

**Original Offense:** Embezzlement From Health Care Benefit Program

**Original Sentence:** One (1) day custody, followed by thirty-six (36) months supervised release

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** March 22, 2013

**Previous Court Action/Notification(s):** None

---

### NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Failure to Pay Restitution in Accordance with the Court's Order:** The defendant has failed to pay restitution as ordered by the Court. |
| 2 | **Failure to Comply with the Court's Order:** The defendant has failed to sell the timeshare in Orlando, Florida as recommended in the Court's order. |

**U.S. Probation Officer Action:** The Court ordered the defendant to pay restitution at the rate of no less than $308 per month or 10% of the gross monthly income. To date, the defendant has paid a total of $300 towards the obligation and is currently $1,856 in arrears. At this time, the U.S. Probation Office is requesting no action as the defendant has recently been approved to receive Social Security Disability Benefits. The defendant has been notified by the U.S. Department of Treasury that her monthly restitution amount will be deducted from these benefits. This being the case, the U.S. Probation Office believes that the monthly restitution amount will be paid and there should be no further arrearages towards the monetary obligation. The U.S. Probation Office will notify the Court should there be any changes to this arrangement as initiated by the U.S. Department of Treasury.

Additionally, the defendant has failed to sell the timeshare as recommended by the Court, so that the profits from the property can be applied to the outstanding balance of restitution owed. The defendant contends that she and her

Prob 12A
(Rev. 10/10 - D/SC)

husband have tried selling the property to no avail. As it stands now, they would rather the property go into foreclosure. According to the defendant, no payments have been made on the property in the last three (3) months. It should be brought to the Court's attention; however, that if the property does go into foreclosure and is subsequently seized and sold, it is very likely that none of the profits from the sale would go towards the defendant's restitution. Should the property go into foreclosure, the U.S. Probation Office will secure documentation proving such and provide it to the Court.

Respectfully submitted,

By Crystal D. Boyd
U.S. Probation Officer
Date: September 3, 2013

Reviewed and Approved By:

Charles O. Glaze
Supervising U.S. Probation Officer

---

[X] Agree with Probation Officer's recommendation

[ ] Submit a Request for Modifying the Condition or Term of Supervision

[ ] Submit a Request for Warrant or Summons

[ ] Other

John T. Nixon
Senior United States District Judge

September 30, 2013
Date